07 CV 5569

Judge Berman

BERMAN, S.

Robert Weigel (RW 0163)
Howard S. Hogan (HH 7995)
GIBSON, DUNN & CRUTCHER, LLP
200 Park Avenue
New York, New York 10166
(212) 351-4000

*Attorneys for Plaintiffs Gucci America, Inc.
and Chloé SAS*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

GUCCI AMERICA, INC. and CHLOÉ SAS,

      Plaintiffs,

-against-

HGL ENTERPRISES;
EZDESIGNERREPLICAS.COM;
DESIGNERREPLICAS.HIGHPOWERSITES.COM;
HENRY LEIZGOLD a/k/a ENRIQUE GOSMAN
LEIZGOLD; HERLINDA LEIZGOLD a/k/a LINDA
LEIZGOLD a/k/a HERLINDA PASAPERA; ABC
COMPANIES; and JOHN DOES,

      Defendants.

-------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/12/07

07 Civ. 5569

[PROPOSED] RMB
TEMPORARY RESTRAINING ORDER
AND ORDER TO SHOW CAUSE

Plaintiffs Gucci America, Inc. ("Gucci") and Chloé ("Chloé") (collectively "Plaintiffs"), having moved ex parte against Defendants HGL Enterprises, EZDesignerReplicas.com, DesignerReplicas.HighPowerSites.com, Henry Leizgold a/k/a Enrique Gosman Leizgold, Herlinda Leizgold a/k/a Linda Leizgold a/k/a Herlinda Pasapera, ABC Companies, and John Does (collectively "Defendants"), for a temporary restraining order, asset restraining order, expedited discovery order and order to show cause for preliminary injunction pursuant to Federal Rule of Civil Procedure 65 and the Lanham Act (15 U.S.C. § 1051, *et seq.*), for the reason that Defendants are manufacturing, importing, exporting, distributing, marketing,

advertising, offering for sale, and/or selling goods bearing counterfeit reproductions of Plaintiffs' federally registered trademarks, trade names, and/or logos as set forth in Plaintiffs' Complaint in this action (collectively "Plaintiffs' Marks"), which are owned and controlled by Plaintiffs, and the Court, having reviewed the Complaint, Memorandum of Law, supporting Declarations and exhibits submitted therewith, finds: *that Plaintiffs argue:* RMB

1. Plaintiffs are likely to succeed in showing that Defendants have used and are continuing to use counterfeits or infringements of Plaintiffs' Marks in connection with the manufacture, exportation, importation, distribution, marketing, advertising, offer for sale and/or sale of products, including but not limited to handbags and wallets (collectively, the "Counterfeit Products");

2. The manufacturing, importing, exporting, distributing, marketing, advertising, offering for sale and/or selling of the Counterfeit Products will result in immediate and irreparable injury to Plaintiffs if the relief requested is not ordered;

3. Defendants, or other persons acting in concert with Defendants, would likely destroy, move, hide or otherwise make assets, Counterfeit Products and business records relating thereto inaccessible to the Court if Plaintiffs proceeded on notice to Defendants, thus frustrating the ultimate relief that Plaintiffs seek in this action;

4. The harm to Plaintiffs from denial of the requested ex parte order outweighs the harm to Defendants' legitimate interests against granting such an order;

5. Entry of an order other than an ex parte seizure order would not adequately achieve the purposes of the Lanham Act to preserve Plaintiffs' remedies for trademark counterfeiting, including, *inter alia*, cessation of all sales of the Counterfeit Products, the acquisition of the business records relating to the Counterfeit Products, and an award to Plaintiffs of lost profits or damages.

THEREFORE, IT IS HEREBY ORDERED that Defendants, including HGL Enterprises, EZDesignerReplicas.com, DesignerReplicas.HighPowerSites.com, Henry Leizgold a/k/a Enrique Gosman Leizgold, Herlinda Leizgold a/k/a Linda Leizgold a/k/a Herlinda Pasanera, and any John Doe or ABC Company defendants who receive notice of this Order, appear to show cause [at a conference relating to the Plaintiff's order ~RMB] on the 19th day of June 2007 at 2:00 a.m./p.m. or as soon thereafter as counsel can be heard, in Courtroom 6A of the United States District Court for the Southern District of New York at 500 Pearl Street / ~~40 Centre Street~~, New York, New York why an Order pursuant to Rule 65 of the Federal Rules of Civil Procedure and Section 34 of the Lanham Act should not be entered granting Plaintiffs a preliminary injunction as follows:

1. Restraining and enjoining Defendants, their officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with any of them from:

    (a) manufacturing, distributing, delivering, shipping, importing, exporting, advertising, marketing, promoting, selling or otherwise offering for sale Counterfeit Products or any other products produced by Plaintiffs or confusingly similar to Plaintiffs' Products, or that otherwise bear, contain, display or utilize any of Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks;

    (b) making or employing any other commercial use of Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks;

    (c) using any other false designation of origin or false description or representation or any other thing calculated or likely to cause


confusion or mistake in the mind of the trade or public or to deceive the trade or public into believing that Defendants' products or activities are in any way sponsored, licensed or authorized by or affiliated or connected with Plaintiffs; and

(d)   doing any other acts or things calculated or likely to cause confusion or mistake in the mind of the public or to lead purchasers or consumers or investors into the belief that the products or services promoted, offered or sponsored by Defendants come from Plaintiffs or their licensees, or are somehow licensed, sponsored, endorsed, or authorized by, or otherwise affiliated or connected with Plaintiffs; and

(e)   further diluting and infringing all Plaintiffs' Marks and damaging Plaintiffs' goodwill; and

(f)   otherwise competing unfairly with Plaintiffs or any of their authorized licensees in any manner; and

(g)   assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (a) through (f), or effecting any assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (f).

IT APPEARING to the Court [*based upon Plaintiff's submissions* RMB] that Defendants are manufacturing, exporting, importing, distributing, marketing, advertising, offering for sale, and/or selling the Counterfeit Products, and will continue to carry out such acts unless restrained by Order of the Court:

4

IT IS FURTHER ORDERED, that pending the hearing on Plaintiffs' application for a preliminary injunction, Defendants, including HGL Enterprises, EZDesignerReplicas.com, DesignerReplicas.HighPowerSites.com, Henry Leizgold a/k/a Enrique Gosman Leizgold, Herlinda Leizgold a/k/a Linda Leizgold a/k/a Herlinda Pasapera, and any John Doe or ABC Company defendants who receive notice of this Order, and their officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with any of them, or having knowledge of this Order by personal service or otherwise be, and they are, hereby temporarily restrained from:

    (a)    committing any of the acts set forth in subparagraph (l)(a)-(g) above; and

    (b)    moving, returning, or otherwise disposing of, in any manner, any Counterfeit Products or any other products confusingly similar to Plaintiffs' Products, or that otherwise bear, contain, display, or utilize any of Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks; and

    (c)    secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, or displaying of all unauthorized products which infringe Plaintiff's Trademarks

IT IS FURTHER ORDERED, that the Temporary Restraining Order shall remain in effect until the date for *conference* [handwritten] on the Order to Show Cause set forth above, or such further dates as set by the Court; and



IT IS FURTHER ORDERED, that in accordance with Rule 64 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a), and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, Defendants and their officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with any of them, and any banks, savings and loan associations, credit card companies, credit card processing agencies, or other financial institutions or agencies that engage in the transfer of real or personal property, who receive actual notice of this order by personal service ~~or otherwise~~, are, without prior approval of the Court, temporarily restrained and enjoined from transferring, disposing of, or secreting any money, stocks, bonds, real or personal property, or other assets of Defendants or otherwise paying or transferring any money, stocks, bonds, real or personal property, or other assets to any of the Defendants, or into or out of any accounts associated with or utilized by any of the Defendants. This includes but is not limited to: (*i*) any and all Bank of America accounts that are associated with or utilized by any of Defendants, possibly including but not limited to Account No. 0971897867 in the name of "H. Leizgold"; (*ii*) any and all Washington Mutual accounts that are associated with or utilized by any of Defendants, possibly including but not limited to Account No. 0971897867 in the name of "H. Leizgold"; (*iii*) any and all MasterCard, Visa, American Express, and/or Discover credit or debit card payment accounts that are associated with or utilized by any of Defendants; (*iv*) any and all accounts with any and all financial institutions responsible for processing credit or debit card purchases from any of Defendants, including but not limited to purchases made with a Bloomingdale's Insider Visa credit card account from "Hgl Enterprises" associated with "location" designation 713-7856602 TX; and (*v*) any and all accounts with any and all financial institutions responsible for processing credit or debit card purchases from any of Defendants,

RMB

including but not limited to purchases made with a Citibank MasterCard debit card from "HGL ENTERPRISES" associated with designation 713-7856602 TX.

IT IS FURTHER ORDERED, that upon ~~( ) days~~ adequate written notice to the Court and Plaintiffs' counsel, any Defendant (or affected financial institution) may appear and move for the dissolution or modification of the provisions of this Order concerning the restriction upon transfer of Defendants' assets upon an appropriate evidentiary showing by Defendant; and

IT IS FURTHER ORDERED, that Plaintiffs shall post a corporate surety bond, cash or a certified or attorney's check in the amount of ~~ten thousand dollars ($10,000)~~ one hundred thousand ($100,000) as security, determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder; and

IT IS FURTHER ORDERED, that sufficient cause having been shown, personal service of this Order together with the Summons and Complaint, shall be made on Defendants and deemed effective as to all named Defendants if it is completed ~~by the following means:~~ (with copies to Defendants' counsel if known by fax, mailing, or delivery)

~~(a) hand delivery care of HGL Enterprises at 10051 Westpark Drive #210 and/or #273, Houston, TX 77042; and~~

~~(b) by delivery of Adobe PDF copies of this Order together with the Summons and Complaint to the following e-mail addresses: p5115@swbell.net and nchaser@aol.com.~~

IT IS FURTHER ORDERED, that such service shall be made by 6/14/07 (noon) ~~within ten (10) days from the date of this Order~~, except as to John Doe or ABC Company defendants who may be later identified, or at such time as may be extended by this Court; and

IT IS FURTHER ORDERED, that Defendants' answering papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for Plaintiffs by delivering copies thereof to the offices of Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY

10166-0193, Attention: Robert Weigel, Esq., by no later than 5:00 PM on June 15, 2007, with any reply by Plaintiffs to be filed and served by noon on June 18, 2007, and courtesy copies simultaneously delivered to the Court's chambers at 500 Pearl St.;

IT IS FURTHER ORDERED that Plaintiffs' motion for expedited discovery is granted; that Plaintiffs shall serve with this order requests for disclosures pursuant to Fed. R. Civ. P. 26 and 34 in the form appended hereto as Attachment A, and that Defendants shall produce documents responsive to such requests forthwith; and

IT IS FURTHER ORDERED, that any banks, savings and loan associations, credit card companies, credit card processing agencies, or other financial institutions or agencies that engage in the transfer of real or personal property, who receive actual notice of this order by personal service or appropriate, shall provide to Plaintiffs all records in their possession, custody, or control, concerning the assets and financial transactions of Defendants or any other entities acting in concert or participation with Defendants, including but not limited to records concerning the following: (*i*) any and all Bank of America accounts that are associated with or utilized by any of Defendants, possibly including but not limited to Account No. 0971897867 in the name of "H. Leizgold"; (*ii*) any and all Washington Mutual accounts that are associated with or utilized by any of Defendants, possibly including but not limited to Account No. 0971897867 in the name of "H. Leizgold"; (*iii*) any and all MasterCard, Visa, American Express, and/or Discover credit or debit card payment accounts that are associated with or utilized by any of Defendants; (*iv*) any and all financial institutions responsible for processing credit or debit card purchases from any of Defendants, including but not limited to purchases made with a Bloomingdale's Insider Visa credit card account from "Hgl Enterprises" associated with "location" designation 713-7856602 TX; and (*v*) any and all financial institutions responsible for processing credit or debit card purchases from any of Defendants, including but not limited to purchases made with a Citibank MasterCard debit card from "HGL ENTERPRISES" associated

8

with designation 713-7856602 TX; and that such records be produced within five (6) business *RMB*

days of receiving actual notice of this order unless such banks, savings and loan associations or other financial institutions, or agencies that engage in the transfer of real or personal property first apply to this Court for relief from the terms of this paragraph; and

IT IS FURTHER ORDERED, that Defendants are hereby given notice that failure to attend the hearing scheduled herein may result in confirmation of the relief provided herein, immediate issuance of the requested preliminary injunction to take effect immediately upon expiration or dissolution of the temporary restraining order, and: may otherwise extend for the pendency of this litigation upon the same terms and conditions as comprise this temporary restraining order. Defendants are hereby given further notice that they may deemed to have actual notice of the issuance and terms of such preliminary injunction and any act by them or anyone of them in violation of any of the terms thereof may be considered and prosecuted as contempt of this Court.

IT IS SO ORDERED.

DATED this **12th** day of June, 2007           UNITED STATES DISTRICT COURT

Hour: **12:15** a.m./p.m.                           By: _____**RMB**_____

                                                                    UNITED STATES DISTRICT JUDGE

> It is FURTHER ORDERED that the parties to this proceeding, including any served financial institutions, shall meet + confer prior to the 6/19/07 conference with the Court + endeavor in good faith to resolve all issues about which they may disagree.



Richard M. Berman