UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
                                       :

GUCCI AMERICA, INC. and CHLOÉ SAS,         :

              Plaintiffs,             :

       -against-                 :           07 Civ. **5569**

HGL ENTERPRISES;                 :
EZDESIGNERREPLICAS.COM;       :
DESIGNERREPLICAS.HIGHPOWERSITES.
COM; HENRY LEIZGOLD a/k/a ENRIQUE  :
GOSMAN LEIZGOLD; HERLINDA LEIZGOLD
a/k/a LINDA LEIZGOLD a/k/a HERLINDA  :
PASAPERA; ABC COMPANIES; and JOHN
DOES,                                      :

              Defendants.           :

                                          :
-------------------------------------------------------------- x

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER, ASSET RESTRAINING ORDER, EXPEDITED DISCOVERY ORDER, <u>AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION</u>

Robert Weigel (RW 0163)
Howard S. Hogan (HH 7995)
GIBSON, DUNN & CRUTCHER, LLP
200 Park Avenue
New York, New York 10166
(212) 351-4000

*Attorneys for Plaintiffs Gucci America, Inc.
and Chloé SAS*

New York, New York
June 11, 2007

# TABLE OF CONTENTS

Page

I.    PLAINTIFFS HAVE MET THE STANDARD FOR A PRELIMINARY
      INJUNCTION. ........................................................................................... 8

II.   PLAINTIFFS ARE LIKELY TO SUCCEED ON THEIR TRADEMARK
      RELATED CLAIMS ................................................................................... 9

      A.    There Is a Likelihood of Confusion. ...................................................... 9

      1.    Plaintiffs' Marks Are Strong And Distinctive. ...................................... 10

      2.    The Infringing Products Are Virtually Identical To Authorized  Plaintiffs'
            Products. ........................................................................................... 11

      3.    The Competing Products Overlap And There Is No Gap to Bridge. ................... 12

      4.    Defendants' Marks Were Designed In Bad Faith. .................................. 12

      5.    The Quality of Defendants' Products, Although Inferior, Is Similar. ................. 13

      B.    Plaintiffs Are Also Likely To Succeed On Their State Law Claims. .................. 13

      C.    Defendants' Activities Clearly Dilute Plaintiffs' Marks. ...................... 14

III.  PLAINTIFFS WILL SUFFER IRREPARABLE HARM IN THE ABSENCE OF
      A PRELIMINARY INJUNCTION. ................................................................ 16

IV.   PLAINTIFFS ALSO SATISFY THE ALTERNATE STANDARD FOR A
      PRELIMINARY INJUNCTION. ................................................................... 17

V.    Plaintiffs Are Entitled to an Order Restraining Defendants' Transfer of Assets. ............ 18

VI.   Plaintiffs Are Entitled To Expedited Discovery. ........................................... 21

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Advanced Portfolio Techs., Inc. v. Advanced Portfolio Techs. Ltd.,
  No. 94 Civ. 5620 (JFK), 1994 WL 719696 (S.D.N.Y. Dec. 28, 1994) .................................... 21

Consolidated Cigar Corp. v. Monte Cristi de Tabacos,
  58 F. Supp. 2d 188 (S.D.N.Y. 1999) ...................................................................................... 13

Cuban Cigar Brands N.V. v. Upmann Int'l, Inc.,
  457 F. Supp. 1090 (S.D.N.Y. 1978) (Weinfeld, J.), aff'd, 607 F.2d 995 (2d Cir. 1979).......... 17

El Greco Leather Prods. Co. v. Shoe World, Inc.,
  806 F.2d 392 (2d Cir. 1986) ................................................................................................... 9

Fourth Toro Family L.P. v. PV Bakery, Inc.,
  88 F. Supp. 2d 188 (S.D.N.Y. 2000) ...................................................................................... 11

Fun-Damental Too, Ltd. v. Gemmy Indus. Corp.,
  111 F.3d 993 (2d Cir. 1997) .............................................................................................. 9, 11

GTFM, Inc. v. Solid Clothing Inc.,
  215 F. Supp. 2d 273 (S.D.N.Y. 2002) .................................................................. 12, 13, 14, 15

Gucci Am. Inc. v. Ashley Reed Trading, Inc.,
  00 Civ. 6041 (RCC), 2003 WL 22327162 (S.D.N.Y. Oct. 10, 2003) .................................... 10

Gucci Am., Inc. v. Action Activewear, Inc.,
  759 F. Supp. 1060 (S.D.N.Y. 1991) ...................................................................... 10, 12, 13, 14

Gucci Am., Inc. v. Duty Free Apparel, Ltd.,
  286 F. Supp. 2d 284 (S.D.N.Y. 2003) .................................................................................... 10

Gucci America, Inc. v. MyReplicaHandbag.com,
  07 Civ. 2438 (JGK) (S.D.N.Y. Mar. 27, 2007) ................................................................ 20, 22

Gucci Shops, Inc. v. Dreyfoos & Assocs., Inc.,
  Case No. 83-709-CIV-ALH, 1983 WL 425 (S.D. Fla. Nov. 7, 1983).............................. 10, 14

Gucci Shops, Inc. v. R.H. Macy & Co., Inc.,
  446 F. Supp. 838 (S.D.N.Y. 1977) ................................................................................... 11, 14

Hasbro, Inc. v. Lanard Toys, Ltd.,
  858 F.2d 70 (2d Cir. 1988) .................................................................................................... 16

In re Vuitton Et Fils S.A.,
  606 F.2d 1 (2d Cir. 1979) ......................................................................................... 10, 16, 20

**Table of Authorities**
**(Continued)**

Page(s)

Kraft Gen. Foods, Inc. v. Allied Old English, Inc.,
   831 F. Supp. 123 (S.D.N.Y. 1993) ................................................................. 12, 15

Levi Strauss & Co. v. Sunrise Int'l Trading, Inc.,
   51 F.3d 982 (11th Cir. 1995) ........................................................................ 18

Levitt Corp. v. Levitt,
   593 F.2d 463 (2d Cir. 1979) ......................................................................... 19

Lexington Mgmt. Corp. v. Lexington Capital Partners,
   10 F. Supp. 2d 271 (S.D.N.Y. 1998) ............................................................. 14

Lois Sportswear, U.S.A., Inc. v. Levi Strauss & Co.,
   799 F.2d 867 (2d Cir. 1986) ......................................................................... 11

Louis Vuitton Malletier S.A. v. Haute Diggity Dog, LLC,
   81 U.S.P.Q.2d 1064 (E.D. Va. Nov. 3, 2006) ................................................. 15

Mason Tenders Dist. Council Pension Fund v. Messera,
   No. 95 Civ. 9341 (RWS), 1997 WL 223077 (S.D.N.Y. May 7, 1997) ................... 19

Merkos L'Inyonei Chinuch, Inc. v. Otsar Sifrei Lubavitch, Inc.,
   312 F.3d 94 (2d Cir. 2002) ......................................................................... 8, 17

Mobil Oil Corp. v. Pegasus Petroleum Corp.,
   818 F.2d 254 (2d Cir. 1987) ......................................................................... 12

Moseley v. V Secret Catalogue, Inc.,
   537 U.S. 418 (2003) .................................................................................... 15

Multi-Local Media Corp. v. 800 Yellow Book Inc.,
   813 F. Supp. 199 (E.D.N.Y. 1993) ................................................................. 16

N. Face Apparel Corp. v. TC Fashions, Inc.,
   05 Civ 9083 (RMB), 2006 U.S. Dist. LEXIS 14226 (S.D.N.Y. Mar. 30, 2006) ....... 19

Nabisco, Inc. v. PF Brands, Inc.,
   191 F.3d 208 (2d Cir. 1999) ..................................................................... 12, 15

NBA Properties, Inc. v. YMG, Inc.,
   No. 93 C 1533, 1993 WL 462836 (N.D. Ill. Nov. 9, 1993) ................................. 12

NBA Props. v. Untertainment Records LLC,
   99 Civ 2933 (HB), 1999 U.S. Dist. LEXIS 7780 (S.D.N.Y. May 26, 1999) ........... 16

**Table of Authorities**
**(Continued)**

Page(s)

Paco Rabanne Parfums, S.A. v. Norco Enters., Inc.,
    680 F.2d 891 (2d Cir. 1982) ............................................................ 16

Paddington Corp. v. Attiki Importers & Distribs., Inc.,
    996 F.2d 577 (2d Cir. 1993) ............................................................ 11

Polaroid Corp. v. Polarad Elecs. Corp.,
    287 F.2d 492 (2d Cir. 1961) ....................................................... 9, 13, 14

Polo Fashions, Inc. v. Craftex, Inc.,
    816 F.2d 145 (4th Cir. 1987) ........................................................... 10

Polymer Tech. Corp. v. Mimran,
    975 F.2d 58 (2d Cir.), amended by, reported at 1992 U.S. App. LEXIS 32204 (2d Cir. 1992),
    aff'd, 37 F.3d 74 (2d Cir. 1994)....................................................... 13

Quantum Corporate Funding, Ltd. v. Assist You Home Health Care Servs. of Va., L.L.C.,
    144 F. Supp. 2d 241 (S.D.N.Y. 2001) .............................................. 19

Rado Watch Co., Ltd. v. ABC Co.,
    No. 92 Civ. 3657 (PKL), 1992 WL 142747 (S.D.N.Y. June 8, 1992) .................................. 11

Reebok Int'l Ltd. v. Marnatech Enters.,
    737 F. Supp. 1515 (S.D. Cal. 1989), aff'd , 970 F.2d 552 (9th Cir. 1992).............................. 19

Republic of Philippines v. Marcos,
    862 F.2d 1355 (9th Cir. 1988) (en banc) ............................................. 19

Reuters Ltd. v. United Press Int'l,
    903 F.2d 904 (2d Cir. 1990) ....................................................... 17, 18

Savin Corp. v. Savin Group,
    391 F.3d 439 (2d Cir. 2004) ........................................................... 14

Sportsac, Inc. v. K Mart Corp.,
    754 F.2d 71 (2d Cir. 1985) ............................................................ 17

Tactica Int'l, Inc. v. Atlantic Horizon Int'l, Inc.,
    154 F. Supp. 2d 586 (S.D.N.Y. 2001) ................................................. 8

The N.Y. State Soc'y of Certified Public Accountants v. Eric Louis Assocs., Inc.,
    79 F. Supp. 2d 331 (S.D.N.Y. 1999) ................................................. 12

Tommy Hilfiger Licensing, Inc. v. Tee's Ave., Inc.,
    924 F. Supp. 17 (S.D.N.Y. 1996) ..................................................... 20

**Table of Authorities**
**(Continued)**

Page(s)

Topps Co., Inc. v. Gerrit J. Verburg Co.,
    41 U.S.P.Q.2d 1412 (S.D.N.Y. 1996)............................................................ 10

Transfer Print Foils, Inc. v. Transfer Print of Am., Inc.,
    720 F. Supp. 425 (D.N.J. 1989)................................................................. 17

Tri-Star Pictures, Inc. v. Unger,
    14 F. Supp. 2d 339 (S.D.N.Y. 1998) ........................................................... 14

Twentieth Century Fox Film Corp. v. Mow Trading Corp.,
    749 F. Supp. 473 (S.D.N.Y. 1990) ............................................................. 21

Virgin Enters., Ltd. v. Nawab,
    335 F.3d 141 (2d Cir. 2003) .......................................................... 8, 9, 12

Von Grabbe v. Ziff Davis Pub. Co.,
    91 Civ. 6275 (DLC), 1994 WL 719697 (S.D.N.Y. Dec. 29, 1994)........................... 8

Vuitton v. White,
    945 F.2d 569 (3d Cir. 1991) .................................................................. 21

Wesley-Jessen Div. of Schering Corp. v. Bausch & Lomb, Inc.,
    698 F.2d 862 (7th Cir. 1983) .................................................................. 9

Yurman Design Inc. v. Diamonds & Time,
    169 F. Supp. 2d 181 (S.D.N.Y. 2001) .......................................................... 9

**Statutes**

15 U.S.C. § 1114....................................................................................... 9

15 U.S.C. § 1117(a) .................................................................................. 18

15 U.S.C. § 1117(b).................................................................................. 18

15 U.S.C. § 1117(c) .................................................................................. 18

15 U.S.C. § 1125(a) ................................................................................... 9

15 U.S.C. § 1125(c) .................................................................................. 15

15 U.S.C. § 1125(c)(1)............................................................................... 14

**Table of Authorities**
(Continued)

Page(s)

**Other Authorities**

Stop Counterfeiting in Manufactured Goods Act,
  Pub. L. No. 109-181, 120 Stat 285 ........................................................................ 18

Trademark Dilution Revision Act of 2006,
  Pub. L. No. 109-312, 120 Stat. 1730 ..................................................................... 14

**Rules**

Fed. R. Civ. P. 30(b) ........................................................................................................ 21

Fed. R. Civ. P. 34(b) ........................................................................................................ 21

Rule 65(b)(1) .................................................................................................................... 16

Plaintiffs Gucci America, Inc. ("Gucci") and Chloé SAS ("Chloé") (collectively, "Plaintiffs"), submit this memorandum of law in support of their application for a temporary restraining order, an order to show cause for preliminary injunction, and an order for expedited discovery against HGL Enterprises, EZDesignerReplicas.com, DesignerReplicas.HighPowerSites.com, Henry Leizgold a/k/a Enrique Gosman Leizgold, Herlinda Leizgold a/k/a Linda Leizgold a/k/a Herlinda Pasapera, ABC Companies, and John Does (collectively "Defendants").[1]

## PRELIMINARY STATEMENT

Defendants have, without authorization or consent, misappropriated Plaintiffs' world famous trademarks for use in connection with their counterfeiting business. Specifically, Defendants offer for sale, sell, and ship handbags, wallets, and other consumer goods employing Plaintiffs' trademarks. In fact, Defendants' explicitly label their products as "Gucci" and "Chloe" products. Defendants knowingly traffic in these counterfeit products in reckless disregard of trademark laws and Plaintiffs' trademark rights.

Defendants are engaged in a practice that courts in this District and elsewhere have uniformly condemned. Their actions have caused Plaintiffs irreparable harm and an incalculable loss of goodwill and damages. In view of the foregoing, Plaintiffs respectfully request that this Court issue: (i) a temporary restraining order against Defendants enjoining their manufacture, importation, exportation, distribution, offer for sale, and sale of counterfeit products bearing Plaintiffs' trademarks; (ii) an asset restraining order; (iii) an order for expedited discovery

---

[1]  Mr. and Mrs. Leizgold, as principle officers of the corporate defendants, are personally liable for the acts of infringement and dilution described below and are appropriately sued in their individual capacity. Mattel, Inc. v. Internet Dimensions, Inc., 55 U.S.P.Q.2d 1620, 1627 (S.D.N.Y. 2000). Based on information received to date, Plaintiffs believe that other entities and individuals, whose identities have not yet been discovered, are also liable as joint tortfeasors with Mr. and Mrs. Leizgold and the corporate defendants. Their identities will be the subject of discovery as this case proceeds.

allowing Plaintiffs to inspect and copy Defendants' books and records that go to the heart of this dispute; and (iv) an order to show cause why a preliminary injunction should not issue.

## STATEMENT OF FACTS

Plaintiffs are leaders in the design, marketing and distribution of premium, high-quality luxury items offered to the public under the Gucci and Chloé families of trademarks referenced in the Complaint filed herewith, among others (collectively, the "Plaintiffs' Marks"). See Declaration of Jonathan F. Moss dated June 7, 2007 ("Moss Decl.") ¶¶ 4-10; Declaration of Sheila Mary Henderson dated May 9, 2007 ("Henderson Decl.") ¶¶ 4-10. For more than fifty years, Plaintiffs have both developed their respective reputations and distinctive images across an expanding number of products, as well as both domestic and international markets (the "Plaintiffs' Products"). Id. Plaintiffs' Marks are famous and widely-recognized brands. Plaintiffs have carefully built their reputations by, among other things, adhering to quality control standards and their respective commitments to customer service. Id. As such, the Plaintiffs' Products are manufactured pursuant to specific guidelines. Id. In addition, Plaintiffs spend millions of dollars annually to advertise and promote their products and their marks. Id.

As a result of Plaintiffs' extensive marketing and promotional efforts, as well as the high quality of the Plaintiffs' Products, the Plaintiffs' Products have achieved an outstanding reputation among consumers. Concurrently, the Plaintiffs' Marks have become well and favorably known in the industry and to the public as the exclusive source of the Plaintiffs' Products, and have come to symbolize the goodwill of Plaintiffs' Products. Plaintiffs' marketing efforts, combined with their attention to quality and construction, have resulted in billions of dollars in sales of the Plaintiffs' Products.

Through the course of an ongoing investigation into sales of counterfeit versions of Plaintiffs' Products, Plaintiffs became aware that Defendants, among others, had started to offer

2

counterfeit version of the Plaintiffs' Products for sale to consumers (the "Counterfeit Products"). Declaration of Yuliya P. Kuklina dated June 6, 2007 ("Kuklina Decl.") ¶ 2. Plaintiffs commenced a diligent investigation into these activities and have brought suit against multiple parties. Id. ¶¶ 2-3; see also Moss Decl. ¶ 12; Henderson Decl. ¶ 12; Declaration of Howard S. Hogan, dated June 11, 2007 ("Hogan Decl."), Ex. 2.[2] In particular, Plaintiffs have confirmed that Defendants were responsible for Counterfeit Products. Kuklina Decl., passim; Moss Decl. ¶ 18; Henderson Decl. ¶¶ 16-17. Defendants' Counterfeit Products closely resemble Plaintiffs' Products, including but not limited to handbags, and wallets, and display exact copies of the Plaintiffs' Marks and other design elements.

For example, shown below on the left is an image of an authentic Gucci "Jolicoeur" handbag. Moss Decl. ¶ 13. Defendants' Counterfeit Products include a dead-ringer version of this Gucci "Jolicoeur" handbag, shown on the right. Id. ¶ 14. The overall visual impact of Defendants' Counterfeit Product is not only confusingly similar to the authentic Gucci handbag shown on the left, they both bear Gucci's federally registered trademark GUCCI name, non-interlocking "GG" monogram, repeating "GG" design, and green-red-green stripe. See Moss Decl. Ex. 1 (U.S. Reg. Nos. 876,292; 959,338; 972,078; 1,106,722; 1,122,780; 1,168,477; 1,321,864; 1,483,526; 3,072,549).

---

[2] One of these suits remains pending before Judge Koeltl of this Court.




*AUTHENTIC*                                          *COUNTERFEIT*

Similarly, shown below on the left is an image of an authentic Chloé Paddington Classic

Satchel.  Henderson Decl. ¶ 13.  Defendants' Counterfeit Products include a dead-ringer version

of this authentic Chloé handbag, shown on the right.  Id. ¶ 14.  The overall visual impact of

Defendants' Counterfeit Product is not only confusingly similar to the authentic Chloé handbag

shown on the left, Defendants have even affixed a fraudulent tag that bears the federally

registered CHLOÉ trademark.  See id. Ex. 1 (U.S. Reg. Nos. 950,843; 1,020,289; 1,103,275;

1,182,862; 1,491,810; 1,513,535; 1,925,176; 2,745,487; 3,198,388).




*AUTHENTIC*                                          *COUNTERFEIT*

Defendants' Counterfeit Products all follow this pattern – each displays copies of the

Plaintiffs' Marks and uses the color scheme and design of the Plaintiffs' Products.

Defendants sell many of their Counterfeit Products through the use of Internet websites that may be located through the Uniform Resource Locator ("URL") designations <www.EZDesignerReplicas.com> and <www.DesignerReplicas.HighPowerSites.com>, and possibly others yet unknown to Plaintiffs (collectively, "Defendants' Websites"). Plaintiffs' investigation has tied Defendants' Websites, through e-mails sent on behalf of those websites and information available through online databases, to Defendants HGL Enterprises, Henry Leizgold, and Herlinda Leizgold. Defendants are based in Houston, Texas. Kuklina Decl. ¶¶ 33, 35-36 & Exs. 11-13.

Defendants' Websites themselves make liberal uses of Plaintiffs' Marks. For example, shown below are true and accurate screen shots of Defendants' Websites, repeatedly referring to their Counterfeit Products as "Gucci" and "Chloe" products.





Kuklina Decl. ¶¶ 5, 7, 9.

Representatives of Plaintiffs contacted Defendants' Websites, and purchased multiple

Counterfeit Products, as detailed in the accompanying declaration of Yuliya P. Kuklina.  Id.,

passim.  Plaintiffs have examined samples of Defendants' Counterfeit Products, and confirmed

that such Counterfeit Products are inferior reproductions of the Plaintiffs' Products, complete

with labels and hangtags bearing counterfeits of the Plaintiffs' Marks.  Among other identifiers,

the Products are counterfeit because the workmanship, labeling, packaging, and general quality

of assembly of the samples is poor and does not match the specifications or quality standards for

genuine Plaintiffs' Products.  Moss Decl. ¶¶ 18-19; Henderson Decl. ¶¶ 18-19.  Plaintiffs did not

manufacture, inspect or package the Counterfeit Products, and did not approve the Counterfeit

Products for sale or distribution. Id. Plaintiffs did not authorize Defendants to manufacture, import, export, distribute, advertise, sell, or offer to sell the Counterfeit Products. Id. Plaintiffs have not had the opportunity to control the quality and nature of the Counterfeit Products. Id.

The purchases made by Plaintiffs' investigator also show that Defendants keep the profits of the sales from Counterfeit Profits at least temporarily with third-party financial institutions. In particular, Plaintiffs' investigator attempted to purchase and paid for Defendants' Counterfeit Products designed to replicate two "Gucci" bags and two "Chloe" bags from www.DesignerReplicas.HighPowerSites.com. Kuklina Decl., passim. In these instances, agents of Defendants accepted payment through personal checks that were cashed by use of an account with Washington Mutual Bank and/or Bank of America and through processors of Visa and MasterCard credit and debit cards. Id.

## ARGUMENT

### I.    PLAINTIFFS HAVE MET THE STANDARD FOR A PRELIMINARY INJUNCTION.

Plaintiffs are entitled to either a temporary restraining order or a preliminary injunction upon a showing of:  (1) irreparable harm, and (2) either (a) a likelihood of success on the merits, or (b) the existence of serious questions going to the merits of the case to make them a fair ground for litigation, and a balance of hardships tipping decidedly in the plaintiff's favor. Virgin Enters., Ltd. v. Nawab, 335 F.3d 141, 145-46 (2d Cir. 2003); Merkos L'Inyonei Chinuch, Inc. v. Otsar Sifrei Lubavitch, Inc., 312 F.3d 94, 96 (2d Cir. 2002).[3] A plaintiff "need not show that success is certain, only that the probability of prevailing is 'better than fifty percent.'" Tactica Int'l, Inc. v. Atlantic Horizon Int'l, Inc., 154 F. Supp. 2d 586, 597 (S.D.N.Y. 2001) (citation

---

[3] See also Von Grabbe v. Ziff Davis Pub. Co., 91 Civ. 6275 (DLC), 1994 WL 719697, at *1 (S.D.N.Y. Dec. 29, 1994) (the same standard applies for both preliminary injunctions and temporary restraining orders).