UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

GUCCI AMERICA, INC. and CHLOÉ SAS,

    Plaintiffs,

  -against-

HGL ENTERPRISES;
EZDESIGNERREPLICAS.COM;
DESIGNERREPLICAS.HIGHPOWERSITES.COM;
HENRY LEIZGOLD a/k/a ENRIQUE GOSMAN
LEIZGOLD; HERLINDA LEIZGOLD a/k/a LINDA
LEIZGOLD a/k/a HERLINDA PASAPERA; ABC
COMPANIES; and JOHN DOES,

    Defendants.

------------------------------------------------------------x

07 Civ. 5569 (RMB)

PRELIMINARY INJUNCTION
ON CONSENT

WHEREAS, plaintiffs Gucci America, Inc. ("Gucci") and Chloé SAS ("Chloé") (collectively "Plaintiffs") commenced this action by the filing of a complaint on June 11, 2007 (the "Complaint") against defendants HGL Enterprises, EZDesignerReplicas.com, DesignerReplicas.HighPowerSites.com, Henry Leizgold a/k/a Enrique Gosman Leizgold, Herlinda Leizgold a/k/a Linda Leizgold a/k/a Herlinda Pasapera, ABC Companies, and John Does (collectively "Defendants"), alleging, *inter alia*, that Defendants are manufacturing, importing, exporting, distributing, marketing, advertising, offering for sale and/or selling goods bearing counterfeit reproductions of Plaintiffs' federally-registered trademarks, trade names and/or logos; and

WHEREAS, this Court issued a Temporary Restraining Order and Order to Show Cause on June 12, 2007 (the "June 12 Order") applicable to all Defendants setting forth certain specified injunctive relief, providing for expedited discovery, and setting forth a schedule for

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JULY 18, 2007

Plaintiffs' application to convert the Temporary Restraining Order into a preliminary injunction; and

WHEREAS, Plaintiffs have filed with the Clerk of the Court proofs of service of process; and

WHEREAS, counsel for HGL Enterprises, EZDesignerReplicas.com, DesignerReplicas.HighPowerSites.com, Henry Leizgold, and Herlinda Leizgold (the "Named Defendants") has appeared in this matter but not filed any opposition to the order to show cause why a preliminary injunction should not issue, as set forth in the June 12 Order; and

WHEREAS, for the purposes of this Preliminary Injunction on Consent, "Plaintiffs' Marks" is defined to include all Plaintiffs' trademarks, trade names, logos, and other source-indicating indicia, as set forth in Plaintiffs' Complaint in this action; and

WHEREAS, for the purposes of this Preliminary Injunction on Consent, "Counterfeit Products" is defined to include all goods or services, including but not limited to handbags, wallets, and other luxury products, that make or made use of any of Plaintiffs' Marks without Plaintiffs' authorization or permission; and

WHEREAS, the Named Defendants hereby agree that: (a) the websites at issue will not be operational at least as long as this action is pending, and Plaintiffs confirm that the websites at issue have been rendered non-operational as of the date of this Order; (b) the Named Defendants will not be involved in any additional sales of Counterfeit Products or any other goods or services that make use of Plaintiffs' Marks; (c) all banks and other Financial Institutions (as the term is defined below) that maintain accounts, letters of credit, or other assets for or payable to the Named Defendants have the express permission of the Named Defendants to comply with this Court's orders and discovery powers, including but not limited to the disclosure provisions

of the June 12 Order and below; (d) the Named Defendants will provide written responses and produce to Plaintiffs copies of all non-privileged documents in their possession, custody, or control that are responsive to Plaintiffs' document requests dated June 11, 2007; and (e) the Named Defendants will provide to Plaintiffs all information and documents in their possession, custody, control, or means of obtaining through reasonable, good faith efforts concerning all sources of Counterfeit Products and the identities and activities of anyone who may have materially contributed to sales of Counterfeit Products whether through the websites named in the Complaint or otherwise; and

WHEREAS, the Named Defendants waive any claim that Plaintiffs should be required to post any additional bond in connection with this Order; and

WHEREAS, the Named Defendants have consented to the issuance of a preliminary injunction on consent as set forth below:

1. THEREFORE, IT IS HEREBY ORDERED that, pursuant to Rule 65 of the Federal Rules of Civil Procedure, without any final adjudication on the merits but with the consent of the parties, Defendants, including Defendants HGL Enterprises, EZDesignerReplicas.com, DesignerReplicas.HighPowerSites.com, Henry Leizgold a/k/a Enrique Gosman Leizgold, Herlinda Leizgold a/k/a Linda Leizgold a/k/a Herlinda Pasapera, and any ABC Companies and John Doe defendants who receive notice of this Order, are immediately PRELIMINARILY ENJOINED AND RESTRAINED from:

> (a) manufacturing, distributing, delivering, shipping, importing, exporting, advertising, marketing, promoting, selling or otherwise offering for sale Counterfeit Products or any other products produced by Plaintiffs or confusingly similar to Plaintiffs' Products, or that otherwise bear,

    contain, display or utilize any of Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks;

(b) making or employing any other commercial use of Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks;

(c) using any other false designation of origin or false description or representation or any other thing calculated or likely to cause confusion or mistake in the mind of the trade or public or to deceive the trade or public into believing that Defendants' products or activities are in any way sponsored, licensed or authorized by or affiliated or connected with Plaintiffs; and

(d) doing any other acts or things calculated or likely to cause confusion or mistake in the mind of the public or to lead purchasers or consumers or investors into the belief that the products or services promoted, offered or sponsored by Defendants come from Plaintiffs or their licensees, or are somehow licensed, sponsored, endorsed, or authorized by, or otherwise affiliated or connected with Plaintiffs; and

(e) further diluting and infringing all Plaintiffs' Marks and damaging Plaintiffs' goodwill; and

(f) otherwise competing unfairly with Plaintiffs or any of their authorized licensees in any manner; and

4

(g) moving, returning, or otherwise disposing of, in any manner, any Counterfeit Products or any other products confusingly similar to Plaintiffs' Products, or that otherwise bear, contain, display, or utilize any of Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks; and

(h) secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, or displaying of all unauthorized products which infringe Plaintiffs' Trademarks

(i) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (a) through (h), or effecting any assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (h).

2. IT IS FURTHER ORDERED that in accordance with Rule 64 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a), this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, and the express consent granted herein by the Named Defendants, Defendants and their officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation

with any of them, and any banks, savings and loan associations, credit card companies, credit card processing agencies, or other financial institutions or agencies that engage in the transfer of real or personal property (collectively "Financial Institutions"), who receive actual notice of this order by personal service are, without prior approval of the Court, restrained and enjoined from transferring, disposing of, or secreting any money, stocks, bonds, real or personal property, or other assets of Defendants or otherwise paying or transferring any money, stocks, bonds, real or personal property, or other assets to any of the Defendants, or into or out of any accounts associated with or utilized by any of the Defendants except as specifically set forth in Paragraphs 3 through 6 below. This includes but is not limited to: (*i*) any and all Bank of America accounts that are associated with or utilized by any of Defendants; (*ii*) any and all Washington Mutual accounts that are associated with or utilized by any of Defendants, including but not limited to Account Nos. 1962267233, 0971897867, 009700001897867; 0940928255, and 009400000928255; (*iii*) any and all MasterCard, Visa, American Express, and/or Discover credit or debit card payment accounts that are associated with or utilized by any of Defendants, except as set forth in Paragraph 6 below; (*iv*) any and all accounts with any and all financial institutions responsible for processing credit or debit card purchases from any of Defendants, including but not limited to purchases made with a Bloomingdale's Insider Visa credit card account from "HGL Enterprises" associated with "location" designation 713-7856602 TX; (*v*) any and all accounts with any and all financial institutions responsible for processing credit or debit card purchases from any of Defendants, including but not limited to purchases made with a Citibank MasterCard debit card from "HGL ENTERPRISES" associated with designation 713-7856602 TX; and (*vi*) any and all Wells Fargo Bank accounts that are associated with or utilized by any of

Defendants, including but not limited to Account Nos. 0761014877, 0745537456, and 2012554432, except as set forth in Paragraphs 3 through 7 below.

3.  IT IS FURTHER ORDERED that, notwithstanding Paragraph 2 above, Defendant Herlinda Leizgold is authorized - and it shall not be a violation of this order for Mrs. Leizgold - to make payments of: (a) up to $5,000 to Defendants' counsel as payment for services rendered and costs incurred in connection with this matter; and (b) up to $2,000 per month for reasonable living expenses. The aforesaid payments may be made by and through: (*i*) a Chase Visa credit card in the name of Herlinda Leizgold having an account number ending in the digits 5495; (*ii*) Wells Fargo Account No. 6467206741; (*iii*) a Wells Fargo Visa debit/check card linked to Wells Fargo Account No. 6467206741; or (*iv*) cash, so long as Mrs. Leizgold provides to counsel for Plaintiffs a receipt for all cash payments that amount to more than $100 in any given month where Mrs. Leizgold's total cash payments for reasonable living expenses amount to more than $250. If the foregoing payments are made from more than one source, they shall be treated cumulatively. The provisions of this paragraph shall be deemed to apply *nunc pro tunc* as of June 12, 2007.

4.  IT IS FURTHER ORDERED that, notwithstanding Paragraph 2 above, Wells Fargo Bank is authorized to allow Defendant Herlinda Leizgold to make payments from Account No. 6467206741 (including but not limited to payments made by use of Wells Fargo Visa debit/check card linked to Wells Fargo Account No. 6467206741 that are currently in the possession of Defendant Herlinda Leizgold) and that Wells Fargo shall not be subject to any restraints and/or encumbrances on said Account No. 6467206741 whatsoever as a result of this Order or any prior Order in this case. All other Defendants, however, shall continue to be subject to the restrictions set forth in Paragraph 2 above with respect to Wells Fargo Account No.

6467206741, except that Defendant Herlinda Leizgold is authorized to make payments from Wells Fargo Account No. 6467206741 of: (a) up to $5,000 to Defendants' counsel as payment for services rendered and costs incurred in connection with this matter; and (b) up to $2,000 per month for reasonable living expenses, in accordance with Paragraph 3 above.

5. IT IS FURTHER ORDERED that Defendant Herlinda Leizgold shall deposit any funds payable to her as beneficiary of Henry Leizgold (deceased), including but not limited to any benefits that Mrs. Leizgold may receive pursuant to AARP certificate A1778894, into Wells Fargo Account No. 6467206741, and that Mrs. Leizgold is free to use such funds to make payments in accordance with Paragraphs 3 through 4 of this Order.

6. IT IS FURTHER ORDERED that, notwithstanding Paragraph 2 above, Chase and Visa are authorized to allow Defendant Herlinda Leizgold to make payments from, and through: (a) the Chase Visa credit card in the name of Herlinda Leizgold and having an account number ending in the digits 5495 and (b) the Wells Fargo Visa debit/check card linked to Wells Fargo Account No. 6467206741; and that Chase and Visa shall not be subject to any restraints and/or encumbrances on the credit and debit/check cards listed in this Paragraph whatsoever as a result of this Order or any prior Order in this case. All other Defendants, however, shall continue to be subject to the restrictions set forth in Paragraph 2 above with respect to the credit and debit/check cards listed in this Paragraph, except that Defendant Herlinda Leizgold is authorized to make payments by and through credit and debit/check cards listed in this Paragraph of: (a) up to $5,000 to Defendants' counsel as payment for services rendered and costs incurred in connection with this matter; and (b) up to $2,000 per month for reasonable living expenses, in accordance with Paragraph 3 above.

7. IT IS FURTHER ORDERED that Defendant Herlinda Leizgold shall provide Plaintiffs with monthly statements from Wells Fargo Account No. 6467206741 and the Chase Visa credit card in the name of Herlinda Leizgold having an account number ending in the digits 5495, in order to ensure her compliance with the requirements of Paragraphs 2 through 6 of this Order.

8. IT IS FURTHER ORDERED that any Financial Institutions who receive actual notice of this order by personal service shall provide to Plaintiffs all appropriate records in their possession, custody, or control, concerning the assets and financial transactions of Defendants or any other entities acting in concert or participation with Defendants, including but not limited to records concerning categories (*i*) through (*vi*) set forth in paragraph 2 above plus Wells Fargo Account No. 6467206741; and that such records be produced within six (6) business days of receiving actual notice of this order unless such banks, savings and loan associations or other financial institutions, or agencies that engage in the transfer of real or personal property first apply to this Court for relief from the terms of this paragraph; and

9.  IT IS FURTHER ORDERED that, because Plaintiffs have already posted a bond in the amount of $100,000 in connection with the June 12 Order and Defendants have waived any claim to any further bond, Plaintiffs need not post any further bond with the Clerk of the Court.

Dated: New York, New York
July 17, 2007

GUCCI AMERICA, INC. and CHLOÉ SAS,

By _____
Robert Weigel (RW 0163)
Howard S. Hogan (HH 7995)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 351-4000

Dated: New York, New York
July 13, 2007

HGL ENTERPRISES,
EZDESIGNERREPLICAS.COM,
DESIGNERREPLICAS.HIGHPOWERSITES.COM,
HENRY LEIZGOLD, and HERLINDA LEIZGOLD

By _____
Bruce D. Katz (BK2041)
LAW OFFICES OF BRUCE KATZ & ASSOCIATES
Attorneys for HERLINDA LEIZGOLD
225 Broadway
New York, New York 10007
Telephone: (212) 233-3434

IT IS SO ORDERED:

_____
HONORABLE RICHARD M. BERMAN
UNITED STATES DISTRICT JUDGE

Dated: July 18, 2007

10